**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ALEXANDER GORDON,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-11917

Judge Jeffrey I. Cummings

Magistrate Judge Albert Berry, III

## DECLARATION OF ALEXANDER GORDON

I, ALEXANDER GORDON, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the artist that created the Alexander Gordon Work. I make this declaration from matters within my knowledge save where otherwise stated.

3. I am an artist. I have been working professionally since 2011 and have experience in virtually every facet of visual arts, from traditional painting to digital illustration and animation. After earning a bachelor's degree in fine arts in 2010, I began my career illustrating two children's books, including one centered on various duck species. Those illustrations are mixed media, using traditional pencil and wash on paper with digital colors. I then worked as a graphic designer, founding a mobile games company, and later served as a lead artist on independently published video games, including projects released by Nintendo. My achievements include multiple Best in Show awards while in school, a

Game Developers Conference scholarship, and professional experience across publishing and gaming industries.

4. I am the official source of products associated with the Alexander Gordon Work (the "Alexander Gordon Products"):




https://bandygrass.blogspot.com/2011/08/58-ducks-duck-hunters-dilemma.html

5. I am the owner of the copyright registration for the Alexander Gordon copyrighted work, which is protected by United States Copyright Registration Nos. VA 2-467-204 and VA 2-493-644 (the "Alexander Gordon Work"). True and correct copies of the copyright registrations for the Alexander Gordon Work are attached hereto as **Exhibit 1**.

6. I control the quality of all materials and content that feature the distinctive Alexander Gordon Work.

7. Substantial time, money, and other resources have been expended in developing, advertising, licensing, and otherwise promoting the Alexander Gordon Work. As a result,

the image is widely recognized and exclusively associated by consumers, the public, and the trade with my name.

8. The success of the Alexander Gordon Work has resulted in significant infringement of my copyrights. Consequently, an anti-pirating program has been implemented to investigate suspicious websites and online marketplace listings identified in proactive internet sweeps. Various marketplace listings have been identified on multiple platforms, including the internet stores identified in Amended Schedule A attached to the Complaint ("Defendant Internet Stores"), which were offering for sale, selling, and importing unauthorized versions of the Alexander Gordon Work to consumers in this judicial district and throughout the United States.

9. I am aware of investigations related to internet-based infringement of the Alexander Gordon Work. The investigations show that Defendants are using the Defendant Internet Stores to sell infringing Alexander Gordon Products from foreign countries such as China to consumers in the United States. I, or someone working under my direction, analyzed the Defendant Internet Stores and determined that infringing Alexander Gordon Products were being offered for sale to the United States, including Illinois. The Defendants and their websites do not conduct business with me and do not have the right or authority to use the copyright for any reason. True and correct copies of screenshot printouts showing the active Defendant Internet Stores reviewed are attached as **Exhibit 2**.

10. Monetary damages alone cannot adequately compensate me for the ongoing infringement because monetary damages fail to address the loss of control of and damage to my reputation, goodwill, and control over the nature of the derivative works made using my copyrighted material. Furthermore, monetary damages are difficult, if not impossible,

to completely ascertain due to the inability to fully quantify the monetary damage caused to my reputation and goodwill by acts of infringement.

11. My goodwill and reputation are irreparably damaged when the Alexander Gordon Work is used on unauthorized goods. I am further irreparably harmed by the unauthorized use of the Alexander Gordon copyrighted material because infringers take away my ability to control the nature and quality of products bearing the Alexander Gordon Work and derivative works.

12. I am further irreparably damaged due to a loss of exclusivity. The copyright rights in the Alexander Gordon Work are meant to be exclusive rights.

13. The marketing and distribution of the Alexander Gordon Work and derivative works are aimed at growing and sustaining sales. When infringers use the Alexander Gordon Work without authorization, the exclusivity associated with the Alexander Gordon Work, as well as my reputation, is damaged and eroded, resulting in a loss of unquantifiable future sales.

14. Uncontrolled profiteering and pirating of the Alexander Gordon Work create the impression that the copyright rights associated with the Alexander Gordon Work may be infringed with impunity. The Alexander Gordon Work is distinctive and signifies to consumers that the products are authorized by me and are manufactured to my high-quality standards. When infringers use the Alexander Gordon Work on goods without authorization, the exclusivity of my products and reputation are damaged and eroded, resulting in a loss of unquantifiable future sales. The devaluing of the intellectual property associated with the Alexander Gordon Work cannot be compensated for financially since it erodes my ability to monetize the Alexander Gordon Work.

15. I will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 1, 2026.

Alexander Gordon

Alexander Gordon