**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALEXANDER GORDON,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No.: 1:26-cv-11917<br><br>Judge Jeffrey I. Cummings<br><br>Magistrate Judge Albert Berry, III |

**PLAINTIFF'S MEMORANDUM ESTABLISHING**
**<u>JOINDER UNDER FED. R. CIV. P. 20</u>**

Plaintiff Alexander Gordon ("Gordon" or "Plaintiff") is a professional artist whose "North American Waterfowl Duck Poster" artwork is protected by U.S. Copyright Registration No. VA 2-467-204 and No. VA 2-493-644 (the "Alexander Gordon Work"). [1] ¶¶ 3, 5, 8; [1-1]. Fifty-three anonymous storefronts on Amazon and Walmart converged on Gordon's work at the same time, reproducing and displaying it without authorization on metal signs and posters offered for sale to U.S. consumers online, and every one of them accepted an order for it shipping to Chicago. [12]; [18]; **<u>Exhibit 1</u>**. Two of them sell through the very same Amazon product listing, and many others sell the work under listing titles that repeat one another word for word. [18]; Exhibit 1.

Joinder is proper over all Defendants. First, joinder of all Defendants accords with both the Federal Rules' policy favoring joinder and Congress's understanding of how copyright claims may proceed. Rule 20(a)(2) expressly authorizes claims for relief against defendants "jointly, severally, or in the alternative" when the claims arise from a related series of occurrences and present a common question of law or fact. As the Supreme Court explained, "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties;

joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The House Report accompanying the Copyright Act likewise contemplated "separate infringements for which two or more defendants are not jointly liable . . . joined in the same action." That is the posture here. Each Defendant is liable for its own infringement, and its own damages per work, unless and until the record shows otherwise.

Second, the record supplies the factual connection Rule 20 requires. Defendants' anonymous, simultaneous exploitation of the Alexander Gordon Work through the same online marketplaces constitutes an "occurrence" or a "series of occurrences" under Rule 20(a)(2)(A). Third, every claim turns on common questions of law and fact. Fourth, *Estée Lauder Cosmetics Ltd. v. P'ships*, 334 F.R.D. 182 (N.D. Ill. 2020), does not foreclose joinder: that Lanham Act decision itself recognized that coordination among all defendants is not required, the Copyright Act supplies the limiting principle it sought, and the record contains the shared listings and "unique word and sentence construction" it found missing. Finally, joinder is the fairest and most efficient path, as this Court has recognized in finding joinder proper "at this preliminary stage" while reserving the right to "sever certain defendants from the case under Rule 21" "[t]o the extent any defendant appears and objects to joinder." *XYZ Corp. v. Individuals*, No. 24 CV 1705, Dkt. 21, at 1 (N.D. Ill. Apr. 23, 2024) (Cummings, J.). If the Court disagrees as to any Defendant, Rule 21 and Seventh Circuit precedent favor severance over dismissal.

## **ARGUMENT**

Under Rule 20(a)(2), multiple defendants may be joined in a single action if: (1) the claims arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least one question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2). The purpose of Rule 20 is "to enable economies in litigation." *Elmore v. Henderson*, 227 F.3d 1009,

1012 (7th Cir. 2000). Like every Rule, it must be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("[J]oinder of claims, parties and remedies is strongly encouraged."); *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012).

## I. Congress and the Federal Rules Anticipated That Separately Liable Infringers Would Be Joined in a Single Action

Rule 20 expressly permits joinder of defendants against whom any right to relief is asserted "jointly, severally, or in the alternative," Fed. R. Civ. P. 20(a)(2)(A), and it provides that "[t]he court may grant judgment . . . against one or more defendants according to their liabilities." Fed. R. Civ. P. 20(a)(3). The rulemakers chose language that allows related claims to proceed together while preserving each defendant's individual liability, and the Supreme Court has enforced it that way. In *United States v. Mississippi*, the district court refused to let six county registrars be sued together for what it called "individual torts committed by them separately." 380 U.S. 128, 142 (1965). The Supreme Court reversed, holding that "the joinder of all the registrars as defendants in a single suit is authorized by Rule 20(a)." *Id.* The Federal Circuit has likewise held that "an allegation of joint liability is not required" and that "the fact that the defendants are independent actors does not preclude joinder as long as their actions are part of the 'same transaction, occurrence, or series of transactions or occurrences.'" *EMC*, 677 F.3d at 1356.

Congress built the same premise into the Copyright Act. Section 504(c)(1) measures statutory damages by work and by the liability of the infringer, "with respect to any one work, ***for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally***." 17 U.S.C. § 504(c)(1) (emphasis added). The House Judiciary Committee explained how that language operates when multiple defendants are sued together: "Where the

infringements of one work were committed by a single infringer acting individually, a single award of statutory damages would be made. Similarly, where the work was infringed by two or more joint tortfeasors, the bill would make them jointly and severally liable for an amount in the [statutory] range. ***However, where separate infringements for which two or more defendants are not jointly liable are joined in the same action, separate awards of statutory damages would be appropriate***." H.R. Rep. No. 94-1476, at 162 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5778, *quoted in Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946–47 (9th Cir. 2011). Congress thus anticipated precisely the case before the Court: multiple defendants, not jointly liable with one another, each answerable for its own infringements, "joined in the same action."

Courts across the country read the House Report the same way. *See Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143–44 & n.11 (5th Cir. 1992) (two defendants who each infringe five works yield "ten awards, not fifty"); *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 194 (1st Cir. 2004) (number of awards "depends on the number of works that are infringed and the number of individually liable infringers"); *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 294 (9th Cir. 1997) (sustaining separate awards against stations not jointly liable with one another), *rev'd on other grounds sub nom. Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998); accord *Sullivan v. Flora, Inc.*, 936 F.3d 562, 566–67 (7th Cir. 2019) (explaining that Congress "focused the inquiry on the number of protected works infringed, not the number of infringements").

That statutory design bears directly on the joinder question. Each Defendant is liable for its own infringement of each work it copied and subject to its own award per work, unless and until the record shows otherwise. If a Defendant appears and demonstrates that it also operates other storefronts, those storefronts will be treated as a single infringer, jointly and severally liable

for a single award per work, and that Defendant, not Plaintiff, will reap the benefit. Because the statute measures recovery by work and by infringer, it anticipates that one copyright owner will pursue many infringers, of one work or many, in a single suit; what ties the claims together is the owner who absorbs their combined harm. What neither the statute nor Rule 20 requires is proof that unrelated infringers coordinated with one another before they may be sued together. A rule permitting joinder only upon proof of coordination would invert the scheme Congress enacted, admitting only jointly liable defendants while excluding the separately liable infringers Congress expressly anticipated would be "joined in the same action."

## II. Defendants' Anonymous, Simultaneous Exploitation of Plaintiff's Copyrighted Work Through the Same Online Marketplaces Is a Single Rule 20 "Occurrence"

Rule 20(a)(2)(A) permits joinder where the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Courts give that language the same flexible reading they give the identical "transaction or occurrence" language of Rule 13(a): a "logical relationship" test. *See Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974); *EMC*, 677 F.3d at 1357–58. In this Circuit, "[t]here is no formalistic test to determine whether the claims are logically related," and "[t]he purpose behind the rule is judicial economy; to avoid a multiplicity of actions by resolving in a single lawsuit all disputes that ensue from a common factual background." *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994) (Rule 13(a)); *accord Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007). The logical-relationship test "has been viewed liberally to promote judicial economy" and is satisfied where separate trials would "involve a substantial duplication of effort and time by the parties and the courts." *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389–90 (3d Cir. 2002) (internal quotation marks omitted); *see also Bose Corp. v. P'ships*, 334 F.R.D. 511, 513 (N.D. Ill. 2020); *EMC*, 677 F.3d at 1358. "[A]bsolute

identity of all events is unnecessary" for joinder. *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 325 (4th Cir. 2021) (quoting *Mosley*, 497 F.2d at 1333).

Each anonymous storefront identity reproduces, publicly displays, and distributes infringing copies of the Alexander Gordon Work or derivatives of it. Many storefronts bear transliterated names that describe businesses having nothing to do with wall art: a moving-services company (No. 8), a housekeeping-services company (No. 9), a grain-and-oil processor (No. 23), construction and renovation-engineering firms (Nos. 24, 37, 49), a machinery-equipment company (No. 25), a hospital (No. 45), and an eyeglasses shop (No. 46). [12]; Exhibit 1. Defendants "attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation." [1] ¶ 7; *see* [16] ¶ 4. That concealment is not incidental to the infringement; it is the infringement's business model.

Defendants "take advantage of a set of circumstances—the anonymity and mass reach afforded by the internet and the cover afforded by international borders—to violate [Plaintiff's copyrights] with impunity." *Bose*, 334 F.R.D. at 516; *see also Zou v. Entities*, No. 23-cv-16600, Dkt. 60 at 2 (N.D. Ill. Mar. 8, 2024) (Kendall, J.) ("[T]here is a clear logical relationship between Defendants' actions, as each Defendant copied [Plaintiff's] work, manufactured counterfeit versions, and set up online stores to sell the counterfeits under a cloak of anonymity."); *Your True Nature, Inc. v. Individuals*, No. 24-cv-11162, Dkt. 173 at 2 (N.D. Ill. July 10, 2025) (Bucklo, J.) ("occurrence" requirement met "where each defendant is alleged to have participated in a 'swarm' of intellectual property infringements"). Each unauthorized copy displaces a sale of a legitimate product and erodes the value of the Alexander Gordon Work, and the Complaint alleges that Defendants' activities, "occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers," leaving Plaintiff

"irreparably damaged through loss of control over the creative content of the valuable copyrights, reputation, goodwill, the quality and ability to license." [1] ¶ 7.

The Complaint's allegations, together with Defendants' shared platforms, shared infringement of a single copyright owner's work, and shared identity-concealing tactics, establish "a logical relationship among the parties" and "surreptitious conduct that is the 'defining aspect of the harm.'" *Neman Bros. & Assocs., Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* No. 24 C 05666, Dkt. 112 at 2 (N.D. Ill. Jan. 23, 2025) (quoting *Bose*, 334 F.R.D. at 517). Their separate infringements, committed concurrently and aimed at the same copyright owner, form an "occurrence" or a "series of occurrences" whose harms converge on one owner's market, and every claim against them turns on the same questions of copying, willfulness, and statutory damages. Fed. R. Civ. P. 20(a)(2). There is a meaningful difference between one seller who infringes a grab-bag of different artists' works and 53 sellers who all descend on one artist's single work. The first presents many unrelated claims; the second presents one owner's market harmed many times over, by many hands, at once. Accordingly, Defendants' simultaneous, anonymous exploitation of Plaintiff's copyrighted work through online marketplaces constitutes a single "occurrence," or at a minimum a "series of . . . occurrences," under Rule 20(a)(2)(A).

### III. Every Claim Presents the Same Questions of Law and Fact

Rule 20(a)(2)(B) requires only that "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(B). Rule 20 "does not require that *all* questions of law and fact raised by the dispute be common." *Mosley*, 497 F.2d at 1334.

Here, every Defendant, connected or not, did the same thing. Each published Plaintiff's registered artwork on an online product listing displayed to consumers throughout the United States, including in this District, and each accepted an order shipping to Chicago. [18]; Exhibit 1.

Each Defendant's conduct thus presents the same core legal and factual questions: whether Plaintiff owns a valid copyright, whether the use infringes Plaintiff's work, whether it was willful, and what remedies apply under 17 U.S.C. §§ 502, 504, and 505. *See* Fed. R. Civ. P. 20(a). Congress expected those questions to be answered together. Section 504(c)(1) supplies one remedial framework, measured by work and by infringer, for every infringer in the action. H.R. Rep. No. 94-1476, at 162. That Defendants sold different products at different prices matters no more than the "different effects" of a common policy did in *Mosley*, which were "immaterial for the purposes of determining the common question of law or fact." 497 F.2d at 1334. The Court should therefore hold that the common-question requirement is met as to all Defendants.

## IV. *Estée Lauder* Does Not Foreclose Joinder of These Copyright Claims

The Court's order directs Plaintiff to address joinder "in light of the principles described in *Estee Lauder*," a Lanham Act case in which the court found 79 online sellers were misjoined. [19]; 334 F.R.D. at 188. *Estée Lauder* held that "Rule 20(a)'s requirement for a common transaction or occurrence is not satisfied where multiple defendants are merely alleged to have infringed the same patent or trademark," *id.* at 187 (quoting *ThermaPure, Inc. v. Temp-Air, Inc.*, 2010 WL 5419090, at *4 (N.D. Ill. Dec. 22, 2010)); applied the logical-relationship test, *id.* at 185; and found that the sellers before it did not use the same product images and descriptions, *id.* at 188. Each concern is either answered by the statutory framework set out in Part I or absent from this record. *Estée Lauder* did not hold that defendants must coordinate with one another; it said the opposite: "coordination between all defendants is not a necessary element of joinder; there are other ways to satisfy the requirements of Rule 20, and to do so by relying on circumstantial evidence." *Id.* at 188 n.6. And although *Estée Lauder* extended its reasoning to copyright cases by analogy to file-sharing decisions, *id.* at 187, it did not address § 504(c)(1) or the House Report.

The logical-relationship test it applied is satisfied "when there is a logical relationship between the separate causes of action," *EMC*, 677 F.3d at 1358. The logical relationship here is one Congress itself drew. By providing for "separate awards of statutory damages" against separately liable infringers "joined in the same action," Congress treated them as belonging in one suit. H.R. Rep. No. 94-1476, at 162. Claims that Congress expected to be tried together, and whose remedies it structured on that premise, are logically related claims.

That framework also answers *Estée Lauder*'s concern that a "blunderbuss theory of joinder" would require each defendant "to monitor the docket and the filings pertaining to dozens or hundreds of co-defendants," 334 F.R.D. at 187. The Copyright Act does not assume that defendants belong in one suit only if they cooperate with one another. It contemplates that one action may include both infringers who are "liable individually" and infringers who are "liable jointly and severally," and it calibrates the remedy to each: a separate award per work against each individually liable infringer, and a single shared award per work against each jointly liable group. 17 U.S.C. § 504(c)(1); H.R. Rep. No. 94-1476, at 162. Whether unrelated infringers know one another thus decides only how many awards follow, not whether they may be sued together. Evidence of common ownership works the same way: it identifies which Defendants, if any, are jointly liable and share an award. Rule 20 anticipates that result, permitting judgment "against one or more defendants according to their liabilities." Fed. R. Civ. P. 20(a)(3). The statute thus supplies its own limit: joinder reaches infringers of the same copyright owner's works who exploit them without authorization, each answerable according to its own liability. That principle excludes sellers who share nothing but a line of business and a location, and the grab-bag case in which unrelated sellers infringe different owners' works.

Although Congress and the case law establish that Rule 20 does not require proof of coordination, to the extent the Court requires such proof under *Estée Lauder*, the record supplies it. It also supplies what this Court required in *XYZ Corp.*, which held that infringing the same copyright "alone is insufficient" but found joinder proper because the defendants were "selling on the same platform" and had "immediately pirated images posted on plaintiff's website." *XYZ Corp.*, Dkt. 21, at 1. Here, every accused product reproduces the same registered chart, and the listings repeat one another in ways independent sellers would not. Def. Nos. 32 and 33, two separately named storefronts, sell through the identical Amazon product listing (ASIN B0BC138Z3S) under the same "Curteny" brand. Exhibit 1 at 13–19 (Def. Nos. 32, 33). Five storefronts on Amazon and Walmart use the same 26-word title, two of them down to the same stray "(Duck)" suffix. *See* Exhibit 1 (Def. Nos. 7, 9, 10, 50, 51). Five others share the title "Duck Gifts Types of Duck Vintage Tin Sign for Home Office Farmhouse Man Cave Hunting Room Classroom Wall Art Decor," and two more share a title pitching a duck-identification chart for a "Bar Music Club Man Cave Room." *Id.* (Def. Nos. 14, 15, 39, 40, 43; 34, 35). Def. Nos. 23 and 28 repeat the same capitalization error, "Hunter'S Dilemma," and twenty-four storefronts describe a species chart with the same non-idiomatic construction, "Duck Knowledge" or a variant of it. *Id.* Sellers who each independently copied would not arrive at the same product listing, the same long titles, and the same errors. That is the "unique word and sentence construction" and the "same misspellings or grammar mistakes" from which the *Estée Lauder* court has inferred that the sellers using them "are connected to one another." 334 F.R.D. at 188. And even if some stores simply copied one another's listings, they would still be the separately liable infringers Congress authorized to be "joined in the same action." H.R. Rep. No. 94-1476, at 162.

*Estée Lauder*'s treatment of the plaintiff's other authorities there does not change the analysis. The court found *Mississippi* and *Mosley* distinguishable because they involved far fewer defendants and closer factual connections: a "state-wide system" in one, a "company-wide policy" in the other. 334 F.R.D. at 189 & n.8. Plaintiff cites *Mississippi* for the narrower point *Estée Lauder* did not question: Rule 20 permits defendants who committed "individual torts . . . separately" to be sued together. 380 U.S. at 142. And the framework tying these claims together is no less systematic than a state-wide policy; it is the one Congress wrote into § 504(c)(1). Nor does this case carry the burden that concerned the *Estée Lauder* court, which faced 1,355 pages of exhibits and individualized damages assessments for 79 sellers of products bearing 17 trademarks. 334 F.R.D. at 184, 186. Here, a single registered work is reproduced on the same type of wall sign. Finally, no Defendant has appeared. Should one appear and object, Rule 21 permits the Court to sever that Defendant without disturbing the claims against the rest, as this Court has recognized. *See XYZ Corp.*, Dkt. 21, at 1; Part V, *infra*.

### V. Joinder Is the Fairest and Most Efficient Path, and Any Remedy Short of Joinder Must Be Severance, Not Dismissal

Even if the Court were to find any Defendant improperly joined, the proper remedy would be severance, not dismissal. Rule 21 says so directly: "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. The Rule instead gives the Court two options: it may "drop a party" "on just terms," or it may "sever any claim against a party." *Id.*

The two options are not equivalent. A dropped defendant is "dismissed from the case without prejudice," and the original complaint against it is treated "as if it never existed." *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) (internal quotation marks omitted). A severed claim, by contrast, is not dismissed: "the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately." *UWM Student*

*Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018) (quoting *Lee v. Cook County*, 635 F.3d 969, 971 (7th Cir. 2011)). Because dropping a party is, in effect, a dismissal, a court may choose it only where it "will not prejudice any substantial right," and only after it has "analyze[d] the consequences of choosing dismissal over severance." *DirecTV*, 467 F.3d at 846–47; *see Wood v. Eiazuiks*, No. 25-2340, 2026 WL 1397312, at *3–4 (3d Cir. May 19, 2026) (vacating dismissal where the district court "did not explain why any misjoinder could not be cured by severance"); *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015) ("district courts who dismiss rather than sever must conduct a prejudice analysis"). The Seventh Circuit imposes the same duty: "in formulating a remedy for a misjoinder the judge is required to avoid gratuitous harm to the parties," and the court is "duty-bound" to sever rather than dismiss where dismissal would carry adverse consequences. *Elmore*, 227 F.3d at 1012; *see Dorsey v. Varga*, 55 F.4th 1094, 1108 (7th Cir. 2022).

Courts confronting misjoinder in infringement cases therefore routinely sever rather than dismiss, recognizing that dismissal would inflict gratuitous injury on the plaintiff and dissolve relief already entered. *Roadget Bus. Pte. Ltd. v. Individuals, Corps., LLCs, P'ships*, 735 F. Supp. 3d 981, 986–87 (N.D. Ill. 2024) (severing because dismissal "would lift the TRO" and expose frozen assets to dissipation); *Laika, LLC v. P'ships*, 833 F. Supp. 3d 918, 920 (N.D. Ill. 2026) ("Dismissal as a remedy here is inappropriate. Rule 21 militates against it, as does *Elmore*'s command to avoid 'gratuitous harm' to the plaintiff.").

Dismissing all Defendants but the first named, or all but a smaller group shown to be connected, would inflict exactly that kind of gratuitous harm. It would force Plaintiff to file as many as 52 new actions, each requiring a new complaint and new motions, at a cost of $21,060 in filing fees alone. *See* 28 U.S.C. § 1914(a)–(b). It would also give anonymous sellers who can

"simply pop up somewhere else," *Bose*, 334 F.R.D. at 517, every opportunity to do so before any relief issues, the same prejudice that led the *Roadget* court to sever rather than dismiss.

Nor is there any principled basis for choosing which Defendants would remain. Congress expected separately liable infringers to be "joined in the same action" and to answer for "separate awards of statutory damages," H.R. Rep. No. 94-1476, at 162, and Rule 20 permits judgment "against one or more defendants according to their liabilities," Fed. R. Civ. P. 20(a)(3). Limiting this action to commonly operated storefronts would admit only the one class of infringer the statute treats as a single defendant, exclude the separately liable infringers Congress expressly contemplated, and make joinder turn on facts that lie within Defendants' exclusive and deliberately concealed control. That rule would reward concealment and leave the remaining infringers to be pursued one costly suit at a time.

If the Court nonetheless concludes that Defendants cannot all proceed together, each separately liable Defendant should be severed into an action of its own, and any Defendants shown to be operated by the same person or entity should be severed together into their own action, where they would be jointly and severally liable for one award per work. Each severed action should proceed on the existing record with the original filing date, because a severed suit "simply continues against the severed defendant in another guise." *DirecTV*, 467 F.3d at 845; *see Elmore*, 227 F.3d at 1012. Severance, however, carries its own costs. Unless the Court waives them, each severed action would require its own filing fee, imposing nearly the same fee burden as refiling. *See DirecTV*, 467 F.3d at 844; *First Time Videos, LLC v. Does 1–500*, 276 F.R.D. 241, 253 (N.D. Ill. 2011) (declining to sever copyright claims because each severed claim "would require its own filing fees, a multiplication of expense that would further inhibit [the plaintiff's] ability to protect its legal rights"). The Court would preside over as many as 53 dockets, and Plaintiff would file,

serve, and litigate the same motions for expedited discovery, electronic service, and relief in each, duplicating effort without changing how any claim is decided. *See Bose*, 334 F.R.D. at 517.

Those costs would buy nothing, because joinder prejudices no one. For that reason, many courts have reserved severance for the stage at which it matters. *See Alexander v. P'ships*, No. 25-cv-07026, Dkt. 63 (N.D. Ill. Mar. 25, 2026) (Alonso, J.) (finding joinder adequately pleaded "at this early stage of the case" and agreeing to "revisit this decision" if defendants "can point to prejudice of joinder at a later time in either discovery or at trial"); *Laika*, 833 F. Supp. 3d at 921 (denying severance even as to appearing, represented defendants because "it makes sense" to litigate the claims together); *Merch Traffic, LLC v. P'ships*, No. 25-cv-01180, Dkt. 36 at 1 (N.D. Ill. Apr. 17, 2025) (joinder "poses no risk of prejudice or unfairness to the . . . Defendants"); *Milwaukee Elec. Tool Corp. v. Individuals*, No. 24 C 12487, Dkt. 156 at 7 (N.D. Ill. May 28, 2025) ("Forcing Plaintiff to file separate cases against 80 different defendants would be an undue burden"). No Defendant has appeared, let alone identified any prejudice from being joined.

Severance would also squander the judicial economy that Rule 20 exists to secure. Liability turns on a small set of legal questions common to every Defendant. Answered once, those questions resolve the case; severed, they must be relitigated storefront by storefront, in a separate action against each anonymous foreign seller. Joinder here prevents the very "substantial duplication of effort and time by the parties and the courts" that the logical-relationship test exists to avoid. *Transamerica*, 292 F.3d at 390 (internal quotation marks omitted). Keeping the claims together instead advances "the just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. Each Defendant remains free to assert every defense available to it; joinder neither merges the claims nor dilutes any defense. *See Elmore*, 227 F.3d at 1012. If any Defendant appears and contests the claims, the Court can sever that Defendant for discovery or trial at that time, while

the claims against Defendants that default proceed together. Any concern about trial manageability likewise has its own remedy in separate trials under Rule 42(b), not dismissal or severance now. Fed. R. Civ. P. 42(b). The Court should therefore find joinder proper.

## CONCLUSION

Congress anticipated exactly this configuration of claims: separately liable infringers, each answerable for its own infringement, joined in the same action. Here, 53 anonymous storefronts exploited Gordon's work at the same time, on the same two marketplaces, and accepted orders for it placed on the same day, two through the very same product listing. Those claims are logically related and present common questions, and Rules 20 and 1, applied to these facts, should be read to give effect to the scheme Congress enacted. Accordingly, Plaintiff respectfully requests that the Court find joinder of all 53 Defendants proper under Rule 20(a)(2) and permit Plaintiff to renew its ex parte motion for a temporary restraining order, expedited discovery, and electronic notice [15] or, alternatively, sever any improperly joined Defendant into a separate action on the existing record and dismiss none. All unpublished decisions cited herein without a Westlaw citation are attached as **Exhibit 2**.

DATED: November 18, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on November 18, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Keith A. Vogt*
Keith A. Vogt