EXHIBIT 2

# EXHIBIT 2

## UNPUBLISHED DECISIONS CITED


| Decision | Exhibit Page |
|---|---|
| 1. Zou v. Entities, No. 23-cv-16600, Dkt. 60 (N.D. Ill. Mar. 8, 2024) | 3–5 |
| 2. Your True Nature, Inc. v. Individuals, No. 24-cv-11162, Dkt. 173 (N.D. Ill. July 10, 2025) | 6–8 |
| 3. Neman Bros. & Assocs., Inc. v. P’ships & Unincorporated Ass’ns Identified on Schedule “A,” No. 24 C 05666, Dkt. 112 (N.D. Ill. Jan. 23, 2025) | 9–10 |
| 4. XYZ Corp. v. Individuals, No. 24 CV 1705, Dkt. 21 (N.D. Ill. Apr. 23, 2024) | 11–13 |
| 5. Alexander v. P’ships, No. 25-cv-07026, Dkt. 63 (N.D. Ill. Mar. 25, 2026) | 14–15 |
| 6. Merch Traffic, LLC v. P’ships, No. 25-cv-01180, Dkt. 36 (N.D. Ill. Apr. 17, 2025) | 16–17 |
| 7. Milwaukee Elec. Tool Corp. v. Individuals, No. 24 C 12487, Dkt. 156 (N.D. Ill. May 28, 2025) | 18–24 |

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AIDONG ZOU, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 23 C 16600 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| THE ENTITIES AND INDIVDUALS | ) | |
| IDENFIED IN ANNEX A, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

**ORDER**

Plaintiff Aidon Zou filed this action against 149 defendants alleging violations of federal copyright law pursuant to 17 U.S.C. § 501 *et seq*. (Dkt. 2). A subset of the defendants—Duailipin (#5), Alayger (#6), VRPQ (#8), OLDSH (#1), RRGIOH (#2), Shenzhen Tinff Technology Co., Ltd. (#11), and SUMMERJOY's (#143) (hereinafter "Defendants")—moved to sever Zou's claims against them from his claims against the remaining defendants. For the reasons discussed below, the Court denies Defendants' Motion to Sever [38].

**BACKGROUND**

Zou holds copyrights for two teddy bear slipper products, which protect the "[s]culptural features" that are "capable of existing independently of the utilitarian aspects" of the slipper. (Dkts. 2 at ¶¶ 62–63, 2-1, 2-2). The copyrights were both registered in November 2023, but they bear dates of first publication in July 2019 and July 2020 respectively. (Dkts. 2-1, 2-2).

At some point after making his slippers available for purchase online, Zou realized that online merchants were selling similar products. (*Id*. at ¶ 3). Zou filed this action in December 2023, alleging that a group of 149 foreign individuals and entities violated his copyrights. (*Id*. at ¶ 4).

Defendants operate various "e-commerce stores" on third-party online platforms wherein they sell allegedly unauthorized reproductions Zou's copyrighted slippers. (*Id*. ¶¶ 3-6). Zou claims that Defendants all purchase their infringing products from one or more major manufacturers in China. (*Id*. at ¶ 5). Defendants now move to sever the claims against them. (Dkt. 38).

**LEGAL STANDARD**

Under Rule 20, "[p]ersons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question

of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In addition to the two requirements of Rule 20(a)(2), the Court also considers whether joinder would prejudice any party or result in needless delay. At root, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Though not binding on this Court, in many courts such requirements for joinder are "liberally construed in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive outcome of the action." *Lane v. Tschetter*, 2007 WL 2007493, at *7 (D.D.C. July 10, 2007). An examination of each of these requirements shows that joinder is proper at this time.

**DISCUSSION**

Defendants filed a motion to sever claims against them from those against the other remaining defendants. (Dkt. 38). Defendants' motion asserts that joinder is improper because Zou has not met the requirements for permissive joinder under Federal Rule of Civil Procedure 20. (Dkt. 39 at 1). Specifically, Defendants assert that Zou failed to show that his claims against Defendants arise out of the same transaction, occurrence, or series of occurrences. (*Id.*). This argument is unavailing at this stage of the litigation.

Courts generally find that claims against different defendants arise out of the same transaction or occurrence if there is a logical relationship between the separate causes of action. *See In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994) (discussing the "same transaction or occurrence" requirement in the context of Rule 13). *See also* 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1653 (3d ed. 2001); *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 201 (N.D. Ill. 2013).

Here, Zou has made well-pleaded allegations to satisfy Rule 20(a)(2)(A), which provides that joinder is proper if "any right to relief is asserted against [Defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." This test is flexible, and courts are encouraged to seek the "broadest possible scope of action consistent with fairness to the parties." *Gibbs*, 383 U.S. at 724, 86 S.Ct. 1130. Zou alleges that "all "Defendants are engag[ed] in [a] systematic approach of" selling infringing products under various aliases that allow Defendants to conceal their true identities." (Dkt. 2 at ¶¶ 51-53). Zou further claims that Defendants, acting in concert, employ and benefit from substantially similar advertising and marketing strategies. (*Id.* at ¶ 10).

Taking Zou's allegations as true, there is a clear logical relationship between Defendants' actions, as each Defendant copied Zou's work, manufactured counterfeit versions, and set up online stores to sell the counterfeits under a cloak of anonymity. Based on these allegations, Zou sufficiently alleged that each Defendants' infringement is part of the same series of occurrences.

Also, Zou alleges that Defendants each contracted with manufacturers and customers to produce and sell infringing products. (Dkt. 2 at ¶ 5). Thus, Defendants also participated in the same series of transactions which violated Zou's copyrights. Further, it bears mentioning that although

Defendants claim that they are not acting in concert, they move as one to sever the claims against them.

Zou's well-pleaded allegations also satisfy Rule 20(a)(2)(B), which provides that joinder is proper if "any question of law or fact common to all defendants will arise in the action." Against Defendants, Zou alleges use of third-party manufacturers and online retailers to facilitate their production and sale of infringing products. Consequently, the factual inquiry into the means and methods used in any alleged copyright infringement will be substantially identical, as the methods Zou uses to investigate, uncover, and collect evidence about any infringing activity will be the same as to each of the Defendants. The Court recognizes that each Defendant may later present different factual circumstances to support individual legal defenses. "Prospective factual distinctions, however, will not defeat the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B) at this stage in the litigation." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011).

Finally, joinder at this stage is consistent with fairness to the parties and in the interest of judicial economy because joinder will secure the just, speedy, and inexpensive conclusion for Zou and the remaining defendants. Joinder does not create any unnecessary delay, nor does it prejudice any party. If Defendants were severed, the ensuing additional cases would require their own proceedings. Zou would be prejudiced by such severance, as each resulting claim would require their own filing fees, a multiplication of expense that would further inhibit Zou's ability to protect his legal rights. Such obstacles would make it less likely that Zou could protect his copyrights in a cost-effective manner.

The Court has little reason to believe that any risk arises of unfairness or denial of individual justice to Defendants at this stage in the litigation. The case against each of them will be individually considered for purposes of any ruling on the merits. At this stage, joinder of Defendants promotes judicial economy while protecting the interests of the parties for a just, speedy, and inexpensive outcome. Joinder at this stage is therefore consistent with fairness to the parties. Additionally, the two requirements of permissive joinder under Rule 20(a)(2) have been satisfied. The motion to sever is therefore denied without prejudice.

## CONCLUSION

For these reasons, the Court denies Defendants' motion to sever [38] for improper joinder.

Virginia M. Kendall
United States District Judge

Date: March 8, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Your True Nature, Inc., Plaintiff, | ) |
| v. | ) No. 1:24-cv-11162 |
| The Individuals, Partnerships, and Unincorporated Associations Identified in Schedule A Defendants. | ) |

## Order

The amended complaint in this case asserts, against a list of 302 individuals, partnerships, and unincorporated associations, claims of trademark infringement under 15 U.S.C. § 1114 and the common law; false designation of origin under 15 U.S.C. § 1125(a); violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, et seq.; and copyright infringement under 17 U.S.C. §106(1), (2) and/or (5). Am. Compl., ECF 20. Currently pending are a motion to sever for misjoinder brought collectively by defendants Triency, zoxix, KOIXA, Mymi store, CUBICER, and MYMISOR [81]; and motions for summary judgment by defendant zoxix [108] and KOIXA,

CUBICER, and MYMISOR[1] [111]. The motions are denied for the reasons that follow.

The motion to sever is denied because Fed. R. Civ. P. permits joinder of multiple defendants alleged to have participated in the same "occurrence." That criterion is satisfied in a case such as this, where each defendant is alleged to have participated in a "swarm" of intellectual property infringements. *Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 334 F.R.D. 511, 516 (N.D. Ill. 2020) (common "occurrence" requirement of Rule 20 is satisfied where defendants "allegedly take advantage of a set of circumstances—the anonymity and mass reach afforded by the internet and the cover afforded by international borders—to violate [a plaintiff's] trademarks with impunity").

The motions for summary judgment argue that the moving defendants' use of plaintiff's trademarks qualifies as fair use under the Lanham Act and that the complaint against them should be dismissed on this basis. At the outset, even assuming that undisputed evidence established that defendants' use of plaintiff's trademarks satisfied the Lanham Act's criteria for fair use, defendants offer neither argument nor evidence to show that they are entitled to summary judgment on plaintiff's non-Lanham Act claims.[2] For that

---

[1] This defendant states that it and defendant "Mymi store" are one and the same. ECF 111 at n.1.

[2] While Copyright Act also recognizes fair use as an affirmative defense, *see Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 574

reason alone, they are not entitled to dismissal of the amended complaint under Fed. R. Civ. P. 56.

As for plaintiff's Lanham Act claim, the statute "allows individuals to use otherwise trademarked language in a descriptive sense." *SportFuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589, 595 (7th Cir. 2019). Whether a word or phrase is descriptive, whether the defendant used it in good faith, and whether consumers are likely to be confused are ordinarily questions of fact that can be resolved at summary judgment only "if the evidence is so one-sided that there can be no doubt about how the question should be answered." *Packman v. Chicago Trib. Co.*, 267 F.3d 628, 637 (7th Cir. 2001). Yet, the moving defendants identify no evidence at all to support their fair use defense. Instead, they merely incorporate images of the allegedly infringing items into their L.R. 56.1 statements. But these images facially tend to support plaintiff's claims, not the moving defendants' fair use defense.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: July 10, 2025

---

(1994) (copyright), defendants do not address that defense or explain how the undisputed record shows that they satisfy its elements as a matter of law.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NEMAN BROTHERS & ASSOCIATES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 24 C 05666<br><br>Judge John J. Tharp, Jr. |

**ORDER**

For the reasons set forth in the Statement below, the motion to dismiss for misjoinder filed by defendants Oxiuly, YT Fashionstore, and Sureple Dresses [89] is denied.

**STATEMENT**

The plaintiff Neman Brothers & Associates, Inc. holds federal copyright registrations for two-dimensional textile designs and has sued 20 defendants for alleged copyright infringement. Neman alleges the defendants operate online stores via Amazon, TEMU, and Walmart, through which they sell products that feature, without license or permission, Neman's copyrighted designs. Defendants Oxiuly, YT Fashionstore, and Sureple Dresses are three of the defendants, and have moved to dismiss Neman's complaint for improper joinder.

Relying almost solely on the reasoning in *Tang v. Schedule A*, No. 23-cv-4587, ECF No. 88, a non-binding case involving joinder of design patent defendants pursuant to 35 U.S.C. § 299(a)(1), these defendants argue that Neman's allegations that the defendants are acting in concert are insufficient to support joinder under Fed. R. Civ. P. 20(a)(2)(A). For the same reasons set forth in the ruling on defendant Ranphee's motion to dismiss [101], the Court rejects that argument.

Neman alleges that the defendants use the same third-party marketplace platforms (Amazon, Temu, and Walmart), and maintain similar profiles on their online stores. Their listings feature similar, and in some cases identical, product photos, often with the same models. Neman asserts that the allegedly Infringing Products are of a consistent (if inferior) quality and that similarities in printing demonstrate that the products are sourced from the same vendor, manufacturer, or printing facility. Neman also points to the common tactics the defendants employ to obscure the sellers' identities, and notes the defendants' use of similar Search Engine Optimization ("SEO") tactics. These allegations suggest that the defendants are not acting independently but, rather, are endeavoring to "take advantage of a set of circumstances—the

anonymity and mass reach afforded by the internet and the cover afforded by international borders—to violate [the plaintiff's copyrights] with impunity." *Bose Corp. v. Schedule A*, 334 F.R.D. 511, 516 (N.D. Ill. 2020).

Neman further alleges, citing to a Department of Homeland Security Report, that "to be able to offer the counterfeit products for sale substantially below the cost of a license to use the Subject Designs, while still being able to turn a profit after absorbing the cost of manufacturing, printing, advertising, and shipping requires an economy of scale only achievable through a cooperative effort throughout the supply chain." Compl. ¶ 22, ECF No. 1. The DHS report confirms that "counterfeiters act in concert through coordinated supply chains and distribution networks to unfairly compete with legitimate artists while generating huge profits for the illegal counterfeiting network." *Id*. This is further support for Neman's contention that its claims arise out of the same transaction, occurrence, or series of transactions or occurrences.

In sum, Neman sufficiently alleges common, surreptitious conduct that is the "defining aspect of the harm" alleged and creates a logical relationship among the parties and claims in the case. *Bose Corp*., 334 F.R.D. at 517. The Court also cannot see any prejudice or expense the defendants will incur if joinder is permitted, particularly in the nascent stages of this action. The defendants are still free to litigate their claims to the extent they wish, or settle with the plaintiff, and the fact of joinder will not prevent or impede them from doing so.

The Court therefore declines to sever the parties or dismiss for misjoinder.

Date: January 23, 2025

John J. Tharp, Jr.
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **XYZ Corp.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 24 CV 1705** |
| | ) | |
| **v.** | ) | **Judge Jeffrey I. Cummings** |
| | ) | |
| **The Individuals, Corporations, `** | ) | |
| **Limited Liability Companies,** | ) | |
| **Partnerships and Unincorporated** | ) | |
| **Associations Identified in Schedule A** | ) | |
| **Hereto,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

For the reasons set forth below, plaintiff's motion for leave to file under seal and to temporarily proceed under a pseudonym [4] [5] is granted in part and denied in part, plaintiff's motions for leave to file under seal [14] [16] are granted, and plaintiff's motion for temporary restraining order [8] is granted. By 4/26/24, plaintiff shall submit the proposed TRO reflecting the Amended Schedule A to the Court's proposed order inbox (Proposed_Order_Cummings@ilnd.uscourts.gov). The 4/26/24 tracking status hearing is stricken and re-set to 6/7/24 at 9:00 a.m. (to track the case only, no appearance is required).

## STATEMENT

The Court has reviewed the plaintiff's supplemental submissions in support of joinder and the pending motions before the Court, and orders as follows.

First, with respect to joinder, the Court finds that joinder is proper at this preliminary stage pursuant to Fed.R.Civ.P. 20(a)(2). Specifically, plaintiff has submitted evidence establishing that beyond just infringing the same copyright – which alone is insufficient to establish the property of joinder, *see Estee Lauder Cosmetics Ltd. v. Schedule A*, 334 F.R.D. 182, 187 (N.D.Ill. 2020) – the defendants included in plaintiff's Amended Schedule A are selling on the same platform and have immediately pirated images posted on plaintiff's website when offering new items for sale. Further, no defendants will be prejudiced by permitting joinder at this juncture. *See Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 334 F.R.D. 511, 517 (N.D.Ill. 2020). To the extent any defendant appears and objects to joinder, the Court will revisit the issue and is free to sever certain defendants from the case under Rule 21 at that time. And, of course, the Court's finding regarding joinder in this case is not dispositive of the propriety of joinder in any other cases before the Court.

As for plaintiff's motion to file under seal and to proceed under a pseudonym temporarily, (Dckt. #4 and #5), that motion is granted in part and denied in part. At a minimum, plaintiff's submissions establish that, were defendants to learn of these proceedings before the execution of plaintiff's requested preliminary injunctive relief, there is a significant risk that defendants could destroy relevant documentary evidence and hide or transfer assets beyond the reach of the Court. Accordingly, subject to unsealing at an appropriate time, plaintiff's request to seal certain documents is granted. The temporary restraining order that is being granted contemporaneously with this order will also be placed under seal.

Plaintiff's request to proceed under a pseudonym temporarily, however, is denied. As the Seventh Circuit has explained, "We have repeatedly voiced our disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes. To proceed anonymously, a party must demonstrate exceptional circumstances that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Village of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016); *see also Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("[T]his circuit's decisions . . . disfavor anonymous litigation."); *Doe v. Blue Cross & Blue Shield United of Wis*., 112 F.3d 869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.").

Here, plaintiff has failed to demonstrate the requisite "exceptional circumstances" to warrant proceeding anonymously under the factual scenario presented by the case, arguing solely that an internet search using plaintiff's company name produces results "directly tying plaintiff to the product brand at issue in this action." (Dckt. #4 at 2). Further, and more importantly, plaintiff has failed to demonstrate that the safeguards already in place will not otherwise protect its interest in enforcing its brand rights. *See XYZ Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 21-CV-06471, 2022 WL 180151, at *2 (N.D.Ill. Jan. 20, 2022) ("There is insufficient evidence . . . that Schedule A defendants are taking advantage of the case-tracking option to such an extent that it is materially impeding brand owners' enforcement efforts."). Moreover, plaintiff's *ex parte* motion for a temporary restraining order is being adjudicated contemporaneously, and the identity of the defendant entities will be placed under seal during the pendency of the *ex parte* proceedings. Given these protections for plaintiff's legitimate interests, the countervailing strong public interest in knowing who is seeking recourse in the federal courts compels the Court to deny plaintiff's request to conceal its own identity, even initially.

Finally, plaintiff's *ex parte* motion for a temporary restraining order, including a temporary injunction, a temporary asset restraint, expedited discovery, and electronic service of process, (Dckt. #8), is granted as to the Amended Schedule A. Plaintiff's filings support proceeding on an *ex parte* basis at this time. Specifically, and as noted above, were defendants to be informed of this proceeding before a TRO could issue, the Court finds that it is likely that their assets and websites would be redirected, thus defeating plaintiff's interests in identifying the defendants, stopping defendants' infringing conduct, and obtaining an accounting. In addition, the evidence submitted by plaintiff shows a likelihood of success on the merits (including evidence of active infringement and sales into Illinois), that the harm to plaintiff is

irreparable, and that an injunction is in the public interest. An injunction serves the public interest because of the consumer confusion caused by counterfeit goods, and there is no countervailing harm to defendants from an order directing them to stop infringement. Electronic service of process does not violate any treaty and is consistent with due process because it effectively communicates the pendency of this action to defendant. Expedited discovery is warranted to identify defendants and to implement the asset freeze. Plaintiff shall submit the proposed TRO reflecting the Amended Schedule A to the Court's proposed order inbox (Proposed_Order_Cummings@ilnd.uscourts.gov) by April 26, 2024.

**Date: April 23, 2024**

**Jeffrey I. Cummings**
**United States District Court Judge**

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Greg Alexander

Plaintiff,

v.

Case No.: 1:25−cv−07026
Honorable Jorge L. Alonso

The Partnerships and Unincorporated Associations Identified on Schedule A, et al.

Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, March 25, 2026:

MINUTE entry before the Honorable Jorge L. Alonso: The Court denies without prejudice Defendant's motion to dismiss [45] on the basis of improper joinder. The Court agrees with the logic set out by Judge Durkin in a recent oral ruling concerning a similar motion. Hein v. Schedule A, 25−cv−12608, ECF No. 39. Specifically, at this early stage of the case, the Court is satisfied that the complaint adequately pleads sufficient facts supporting permissive joinder. To the extent Defendants can point to prejudice of joinder at a later time in either discovery or at trial, or the facts elicited through discovery confirm that joinder is inappropriate, the Court will revisit this decision. Defendants shall file their answer to the complaint within 28 days. By 4/17/26 the parties shall file a joint status report. A template for the Initial Status Report, setting forth the information required, may be found at http://www.ilnd.uscourts.gov/Judges.aspx by clicking on Judge Alonso's name and then again on the link entitled 'Initial Status Hearings. The Court sets an initial status hearing for 4/22/26 at 9:30 AM. Members of the public and media will be able to call in to listen to this hearing. The call−in number is 650−479−3207 and the access code is 1804010308. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Notice mailed by Judge's staff (lf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Merch Traffic, LLC

Plaintiff,

v.

Case No.: 1:25–cv–01180
Honorable Virginia M. Kendall

The Partnerships and Unincorporated Associations Identified on Schedule A

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, April 17, 2025:

MINUTE entry before the Honorable Virginia M. Kendall. Merch Traffic, LLC's ("Plaintiff") Motion for Reconsideration [26] of the Court's Order [25] denying in part Plaintiff's Motion for a Temporary Restraining Order [14] is granted. Taking a fresh look at Plaintiff's arguments in its written submission and those made orally during the 2/20/2025 Motion Hearing, the Court finds that joinder of the Defendants in this matter will "promote[] judicial economy while protecting the interests of the parties[.]" Zou v. The Entities, et al., No. 23–cv–16600 (N.D. Ill. Mar. 8, 2024) (ECF No. 60 at 3). Refusing to join the Defendants requires Plaintiffs to make a difficult choice between seeking expedited discovery at the expense of monetary relief at the end of this case and filing a "series of multiplying cases." (Dkt. 26 at 2). Joining the Defendants, on the other hand, provides the Plaintiffs with a meaningful chance at relief while minimizing the burden on the Court's docket. Moreover, joinder poses no risk of prejudice or unfairness to the various Defendants, who will each have an opportunity to defend against Plaintiff's claims in the same way they would if the cases were filed separately. Discretionary joinder as the best path forward. Accordingly, the Court strikes its Order [25] and grants Plaintiff's Motion for a Temporary Restraining Order [14]. The Temporary Restraining Order shall remain in effect until 4/30/2025. Status hearing set for 5/1/2025 is reset for 4/30/2025 at 9:30 AM. Plaintiff shall provide an updated Proposed Order to the Court for entry. Mailed notice(lk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 24 C 12487 |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendants. | | |

**ORDER**

Defendant JINNAN-US's motion to dismiss [85] is denied. See Statement.

**STATEMENT**

This case arises out of the alleged infringement of Plaintiff's trademarks by over 80 defendants, including Defendant A3K19X9DNOLWWZ ("JINNAN-US"). Before the Court is JINNAN-US's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and improper joinder.

The following facts come from the Complaint and are assumed true for the purposes of this motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). The Court accepts as true well-pleaded facts and draws all reasonable inferences in Plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

Plaintiff is the owner of Milwaukee Electric Tool Corporation ("Milwaukee"), a company that develops, manufactures, and markets power tools. Plaintiff owns various registered trademarks in connection with its business. Plaintiff's trademarks are distinctive and used to identify its merchandise as authentic products.

Defendants, including JINNAN-US, are international entities that engage in the business of selling counterfeit Milwaukee products to consumers via interactive commercial websites and online marketplaces such as Amazon, iOffer, and Temu. Defendants' business extends across the United States, including here in Illinois. Defendants use the Milwaukee trademarks for the advertisement, distribution, offering for sale, and sale of their counterfeit products.

Defendants design their online stores to appear as though they are selling genuine Milwaukee products. The stores often contain images and designs that could lead a consumer to believe that they are purchasing products from an authorized website. Defendants also use Milwaukee trademarks in the content and meta tags of their website to attract traffic to their website. Plaintiff emphasizes that it has not licensed or authorized Defendants to use Milwaukee trademarks and that none of the Defendants are authorized retailers of Milwaukee tool products.

To protect its brand, Plaintiff filed this suit against 84 defendants alleging: (1) federal trademark infringement and counterfeiting; (2) false designation of origin; and (3) violation of the Illinois Uniform Deceptive Trade Practices Act. Defendant JINNAN-US moves to dismiss the claims against it, contending that the Complaint fails

to attribute any unlawful conduct specifically to JINNAN-US and that Plaintiff improperly joined the parties in this action.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the Complaint only needs to include "sufficient facts to state a claim for relief that is plausible on its face." *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (internal quotations omitted).

## DISCUSSION

### I. Sufficient Pleading under F.R.C.P. 8(a)

JINNAN-US first argues that Milwaukee failed to meaningfully differentiate among the Defendants in its Complaint, leading to confusion as to which claims pertain to which Defendant. Put differently, JINNAN-US takes issue with Plaintiff's group pleading. *See Cosby v. Rodriquez*, 711 F. Supp. 3d 983, 997 (N.D. Ill. 2024) ("Group pleading, in which a plaintiff refers to a collective group of defendants as opposed to specifically identifying individual action, can run afoul of these pleading requirements.") (citing *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013)).

Rule 8(a) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the. . .

claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The key to satisfying Rule 8 is that [a plaintiff] "put[s] the defendants on notice of what exactly they might have done to violate [its] rights." *Kuri v. City of Chicago*, 2014 WL 114283, at *7 (N.D. Ill. 2014). Because the Complaint fails to tie any of Plaintiff's trademarks to JINNAN-US specifically, JINNAN-US argues that the Complaint fails to put it on notice of the claims brought against it.

"Group pleading, however, is not per se improper. A complaint survives if any group pleadings, taken along with any individual pleadings, create the plausible inference that each defendant is liable." *Gorgas v. Amazon.com, Inc.*, 2023 WL 4209489, at *3 (N.D. Ill. 2023). "Under Federal Rule of Civil Procedure 8, collective pleading is permissible so long as the complaint places each defendant on notice of why they are being sued." *Green Dolphin Cap. LLC v. JPMorgan Chase Bank, N.A.*, 2020 WL 5545700, at *2 (N.D. Ill. 2020). We find that the Complaint meets this standard.

The Complaint "notified [JINNAN-US] which trademark registrations were infringed, how the trademark allegations were infringed, and that the infringement was done without authorization." Dkt. # 124 at 4. The Complaint also alleges that Defendants, including JINNAN-US, "deceive unknowing consumers by using the MILWAUKEE Trademarks without authorization within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for MILWAUKEE TOOL products" and that Defendants "knowingly and willfully used and continue to use the MILWAUKEE

Trademarks in connection with the advertisement, distribution, offering for sale, and sale of counterfeit MILWAUKEE TOOL products into the United States and Illinois over the Internet." *Id.* ¶ 16, 21. These allegations make it plausible that JINNAN-US infringed on Plaintiff's trademark rights. That is all the *Twombly/Iqbal* plausibility pleading standard requires. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly,* 550 U.S. at 570). JINNAN-US's motion to dismiss is denied on this issue.

## II. Nominal Fair Use

JINNAN-US next argues that Plaintiff's claims against it should be dismissed because its use of the "MILWAUKEE" trademark is nominal fair use. Nominal fair use "occurs when the alleged infringer uses the trademark holder's mark to describe the trademark holder's product, even if the alleged infringer's ultimate goal is to describe his own product." *Tireboots by Universal Canvas, Inc. v. Tiresocks, Inc.*, 2021 WL 5833986, at *3 (N.D. Ill. 2021) (internal quotations omitted).

The Seventh Circuit has yet to recognize the nominal fair use defense. *Slep–Tone Entertainment Corporation v. Coyne*, 41 F.Supp.3d 707, 717 (N.D. Ill. 2014) ("[i]t does not appear that any circuit has joined the Ninth Circuit's recognition of the nominative fair use defense."). We decline to adopt that defense here.

**III. Improper Joinder**

JINNAN-US's closing argument is that it was improperly joined as a party. Under Rule 20(a)(2), defendants may be joined in a single action only if: (1) the claims against them are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there must be a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)-(B). "A party that seeks joinder bears the burden of demonstrating that joinder is proper under [Rule] 20(a)(2)." *Damian v. EIN CAP, Inc.*, 2023 WL 2561586, at *2 (N.D. Ill. 2023) (internal quotations omitted).

Plaintiff alleges that Defendants are operating under the same transaction, occurrence, or series of transactions or occurrences "because (1) defendants use nondescript Seller Aliases; (2) no credible information regarding defendants' physical addresses is provided; and (3) defendants show evidence of market coordination, *i.e.*, using the same advertising and marketing strategies to target consumers while attempting to evade enforcement." Dkt. # 124 at 18. Plaintiff also argues that "[e]ven if defendants are not directly coordinating, Plaintiff alleges that defendants take advantage of a set of circumstances – the anonymity and mass reach afforded by the internet and the cover afforded by international borders – to violate [Plaintiff's] designs with impunity." *Id.* at 19. Plaintiff also states that joinder at this stage serves to conserve judicial resources, as requiring Plaintiff to file cases against each Defendant

individually would be extremely cumbersome and would not benefit either the party or the Court. We agree.

The principles governing joinder guide us here. The purpose of the joinder doctrine is to conserve judicial resources, reduce redundancy, and to save costs. *See In re BitTorrent Copyright Infringement Cases*, 2013 WL 501443, at *1 (C.D. Ill. 2013). Forcing Plaintiff to file separate cases against 80 different defendants would be an undue burden for both Plaintiff and the courts. Plaintiff has met its burden of establishing that joinder is proper in this case. JINNAN-US's motion to dismiss for misjoinder is denied.

**IV. Attorney's Fees**

The Court denies JINNAN-US's motion for attorney fees, because it has not shown that this case is exceptional as required by 15 U.S.C. § 1117. Each party is responsible for their own expenses.

**CONCLUSION**

For the foregoing reasons, Defendant JINNAN-US's motion to dismiss [85] is denied. It is so ordered.

Dated: 5/28/2025

Charles P. Kocoras
Charles P. Kocoras
United States District Judge